## LUCIEN SWITZGABLE, Respondent, *v.* MARY WORSELDINE, and Another, Appellants.

Boundaries.—Estoppel.—Limitations.—The owner of land inclosed it upon what he supposed to be the boundaries thereof. He then conveyed the north half, reserving to himself and his grantees a perpetual alley-way, five feet wide, along the south side of said north half, and also conveyed an alley-way five feet wide along the north side of south half retained. Said grantee of owner conveyed said north half and said alley-way to defendants, and said owner conveyed said south half and said alley-way to plaintiff. The parties entered into possession and such boundaries were acquiesced in by adjoining proprietors for fifteen years, before commencement of suit; *held*, that plaintiff was not estopped from showing true boundaries as against defendant.

Appeal from a judgment of the district court of the third district. The opinion states the facts.

*Mr. John A. Marshall*, for appellants.

*Mr. W. H. Dickson*, for respondent.

HENDERSON, J.:

The plaintiff complains that the defendants have encroached upon an alley-way running east and west through the center of the east half of the south half of lot 3, in block 39, of plat "A," in Salt Lake City, in which he has an interest. He claims damages, and asks to have the encroachment abated as a nuisance. The defendants file an answer and cross-complaint denying their encroachment, and claiming that the plaintiff has encroached upon the alley.

The facts are that in May, 1868, one Robert A. Russell was the owner and in possession of the lands above described, and then inclosed the same by inclosures upon what he supposed to be the boundaries thereof. On the twenty-second of September, 1874, he conveyed the north half thereof to one Robert W. Russell, reserving to himself and his grantees the right to the perpetual use of an alley-way five feet wide along the south side of the land so conveyed; and also conveyed to said Robert W. Russell and his grantee the use of an alley-way five feet wide along the north side of that retained by him—thereby constituting an alley-way ten feet wide along the center of said tract of land, to be used and enjoyed by the parties jointly, and their grantees, as an alley-way perpetually. Said Robert W. Russell conveyed said north half of said land, and all his rights in said alley-way, to the defendants, September 27, 1876. The said Robert A. Russell conveyed the south half of said land, and all his rights in said alley-way, to the plaintiff, February 16, 1877. The parties respectively entered into the possession of the lands so conveyed to them at the time of the conveyances, and so remained up to the commencement of this suit; the north and south boundaries remaining as established by Robert A. Russell; and such boundaries were acquiesced in by the adjoining proprietors for a period of fifteen years from the time they were established by said Robert A. Russell, and

before the commencement of this suit. Upon an accurate survey of the premises, it was found that the inclosures made by Robert A. Russell on the north and south sides of the land first described were not on the true line, but were a short distance south thereof on both sides. The plaintiff claims that the boundary line between him and the defendants is on the true line as shown by the plat, and that the alley-way is five feet each side of it, and before the commencement of this action (but when is not shown) built his fence accordingly. The defendants claim that the line is in the center of the land as inclosed as aforesaid, and have built their fence accordingly. This is the real dispute between the parties. The district court rendered judgment in favor of the plaintiff, and the defendants appeal.

The defendants contend that the land had been occupied as inclosed for 15 years prior to the commencement of this action; and their neighboring proprietors on each side having acquiesced all that time, that being the statutory period of limitations, the plaintiff is estopped from insisting upon the true line according to the plat as the boundary line between them; and they invoke the principle that boundary lines long acquiesced in conclusively establish that they are the true boundaries, and estop adjoining proprietors from disputing them. We recognize the principle as established by the cases cited by counsel for appellants: *Baldwin* v. *Brown*, 16 N. Y., 359; *Reed* v. *Farr*, 35 N. Y., 113. But we do not think this principle applicable to this case. It is not claimed by the appellants that the boundary line between them and the respondent has been acquiesced in, or that the boundaries of the entire tract as first described became established by acquiescence before it was sold in parcels by Robert A. Russell, and the parts now held by the parties thereby severed, or that the line was established between them according to appellants' claim, and acquiesced in by the respondent for a time, and the appellants thereby misled into permitting the owner on their north boundary to acquire by prescription a right as against them. In either of these conditions a case might be presented for equitable

interference.    When Robert A. Russell conveyed the north half of the land, he ceased to be interested in the north boundary of that piece of land so sold.    To say that boundary lines between adjoining owners are to be determined and located with reference to the establishment of their outer boundaries, respectively, and in which they are not both interested, would be manifolding the discrepancies between actual boundaries and those established by user and estoppel, beyond what was ever intended by the rule invoked by appellants.    Again, while in this action these parties may be able to show a case of acquiescence against their adjoining proprietors, respectively, on their outer boundaries, so as to estop them, yet it is not conclusive upon such adjoining proprietors; and hereafter, in a contention to which they are parties, they may be able to establish a different state of facts, and show that they are not estopped.    In such case, according to the contention of the appellants, the boundary line in question would have to be again revised.

This being our view, the other questions in the case are not important.    The judgment of the district court should be affirmed.

ZANE, C. J., concurred.    BOREMAN, J., dissented.